**HOGAN & HARTSON LLP**
Attorneys for Defendant
875 Third Avenue
New York, NY 10022
Phone (212) 918-3000
Facsimile (212) 918-3100

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
TOTALMAR NAVIGATION CORP.,            :
                                       :
       Plaintiff,             :   Index No. 08-cv-1659 (HB)
                                       :   ECF Case
  -against-                           :
                                       :
ATN INDUSTRIES INC.,                   :
                                       :
       Defendant.             :
----------------------------------------------------------- x

**ATN INDUSTRIES INC.'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION**

Pursuant to 9 U.S.C. § 4, Defendant ATN Industries Inc. ("ATN") hereby submits this memorandum of law in support of its motion to stay this matter and to compel Plaintiff Totalmar Navigation Corp. ("Totalmar") to arbitrate all disputes arising from five separate charter party contracts.

### I.   INTRODUCTION

In November and December 2007, Totalmar and ATN entered into five separate charter party contracts pursuant to which ATN chartered five vessels from Totalmar to transport large, industrial water pipes from Shanghai, China to Maracaibo, Venezuela. The vessels were MV

Skala, MV Atlantica, MV Rainbow, MV Go Star, and MV Majartta.[1] Totalmar contends it is entitled to dead freight and demurrage charges in connection with these voyages. ATN seeks recovery for damage Totalmar caused to a portion of its cargo in breach of the charter party contracts. Even though the foregoing claims are subject to arbitration in New York and in London pursuant to valid and binding arbitration clauses in the five charter party contracts, Totalmar filed a complaint alleging claims for dead freight and demurrage for the purpose of seeking an ex parte order of maritime attachment.[2] *See generally* Complaint. The Court entered an ex parte order permitting Totalmar to attach or garnish up to $1,713,819.60 in ATN's property. *See* Ex Parte Order of Maritime Attachment (DE 2) (attached to the O'Sullivan Decl. as Ex. B). Thereafter, ATN appeared in this case for the limited purpose of protecting its property and obtaining an order requiring Totalmar to post counter-security for ATN's cargo damage counterclaims. *See generally* Counterclaim. In connection therewith, ATN filed an answer, affirmative defenses and counterclaim and a motion for counter-security.

Totalmar does not dispute that the parties' claims arise from the charter party contracts and must be arbitrated. Totalmar alleged in its complaint that it brought this action to seek an attachment order and "so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claims against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the New York and London arbitrations." Complaint ¶ 34.

---

[1] A copy of the charter party contracts for MV Skala, MV Atlantica (a substitute for MV Golden Wish), MV Rainbow, MV Go Star (a substitute for MV Mairouli), and MV Majartta are exhibits to Totalmar's complaint and ATN's verified counterclaim. The complaint and counterclaim are attached to the Declaration of John F. O'Sullivan ("O'Sullivan Decl."), being filed concurrently herewith, as Exhibits A and C, respectively.

[2] After the complaint was filed, the parties agreed to a stay pending settlement discussions, which concluded following an unsuccessful mediation.

Totalmar also included in its prayer for relief a request that "the action . . . be stayed pending the arbitration award . . . ." Complaint at p. 10.

Moreover, in March 11, 2008, Totalmar demanded arbitration of its dead freight claim in connection with the charter party for MV Skala and its claim for demurrage in connection with its charter party for MV Rainbow.[3] On May 29, 2008, ATN demanded arbitration of all disputes between Totalmar and ATN pertaining to the charter parties MV Skala, MV Rainbow, and MV Go Star, including ATN's claims for cargo damages.[4] Totalmar did not object to ATN's demand for arbitration, with the exception that Totalmar expressed its disagreement to arbitrating the disputes pertaining to each separate charter party contracts in separate arbitration proceeding.[5]

## II.     THE ARBITRATION CLAUSES

The five charter party contracts between ATN and Totalmar contain similar arbitration clauses. The differences pertain to the location of the arbitration and the identification of the governing law. The charter parties for MV Skala, MV Rainbow, MV Majartta require arbitration to take place in New York, while the charter parties for MV Atlantica and MV Go Star designated London as the forum for arbitration. MV Skala, MV Rainbow, MV Atlantica, MV Go Star, and MV Majartta charter party contracts are attached to the Counterclaim as Exhibits 1, 3, 5, 7, and 9, respectively. The MV Atlantica also designated the laws of England as the governing law.

---

[3]    A copy of the March 11, 2008 letter is attached to the O'Sullivan Declaration as Exhibit D.

[4]    A copy of the May 29, 2008 letter is attached to the O'Sullivan Declaration as Exhibit E.

[5]    A copy of Totalmar's June 3, 2008 letter is attached to the O'Sullivan Declaration as Exhibit F.

Specifically, the charter parties for the MV Skala, MV Rainbow, and MV Majartta provide:

> **CLAUSE 30: ARBITRATION**
>
> ANY DISPUTE ARISING UNDER THIS CHARTER PARTY TO BE REFERRED TO ARBITRATION IN NEW YORK, WITH ONE (01) ARBITRATOR NOMINATED BY OWNERS AND ONE (01) ARBITRATOR NOMINATED BY CHARTERERS, AND IN CASE THE ARBITRATORS FAIL TO REACH AN AGREEMENT THEN THE DECISION OF AN UMPIRE TO BE FINAL AND BINDING UPON BOTH PARTIES. IF EITHER OF THE APPOINTED ARBITRATORS REFUSE TO ACT, OR IS UNCAPABLE OF ACTING, OR DIES, THE PARTY WHICH APPOINTED SUCH ARBITRATOR MAY APPOINT A NEW ARBITRATOR IN HIS PLACE.

Again, the charter party for MV Go Star is similar, except London is the designated forum for the arbitral proceeding. The arbitration clause provides:

> **CLAUSE 30: ARBITRATION**
>
> ANY DISPUTE ARISING UNDER THIS CHARTER PARTY TO BE REFERRED TO ARBITRATION IN _LONDON_, WITH ONE (01) ARBITRATOR NOMINATED BY OWNERS AND ONE (01) ARBITRATOR NOMINATED BY CHARTERERS, AND IN CASE THE ARBITRATORS FAIL TO REACH AN AGREEMENT THEN THE DECISION OF AN UMPIRE TO BE FINAL AND BINDING UPON BOTH PARTIES. IF EITHER OF THE APPOINTED ARBITRATORS REFUSE TO ACT, OR IS UNCAPABLE OF ACTING, OR DIES, THE PARTY WHICH APPOINTED SUCH ARBITRATOR MAY APPOINT A NEW ARBITRATOR IN HIS PLACE. (emphasis added).

The charter party for MV Atlantica is also similar except it provides for arbitration in London with English law to apply as follows:

> **CLAUSE 30: ARBITRATION**
>
> ANY DISPUTE ARISING UNDER THIS CHARTER PARTY TO BE REFERRED TO ARBITRATION _IN LONDON AND ENGLISH LAW TO APPLY_, WITH ONE (01) ARBITRATOR NOMINATED BY OWNERS AND ONE (01) ARBITRATOR NOMINATED BY CHARTERERS, AND IN CASE THE ARBITRATORS FAIL TO REACH AN AGREEMENT THEN THE DECISION OF AN UMPIRE TO BE FINAL AND BINDING UPON BOTH PARTIES. IF

EITHER OF THE APPOINTED ARBITRATORS REFUSE TO ACT, OR IS UNCAPABLE OF ACTING, OR DIES, THE PARTY WHICH APPOINTED SUCH ARBITRATOR MAY APPOINT A NEW ARBITRATOR IN HIS PLACE.  (emphasis added).

### III.     ARGUMENT

The Court should stay this matter and compel arbitration, pursuant to the Federal Arbitration Act ("FAA").  The FAA mandates the relief requested because the five charter party contracts contain binding arbitration provisions and the parties' disputes clearly fall within the scope of those provisions.

In determining whether to compel arbitration, courts must apply the standards set forth in Sections 3 and 4 of the FAA.  Generally, the FAA evidences a strong federal policy favoring arbitration.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001) ("[T]he FAA compels judicial enforcement of a wide range of written arbitration agreements."); *see also Linea Navira De Cabotaje, C.A. v. Mar Caribe De Navegacion, C.A.*, 69 F.Supp.2d 1341, 1345-48 (M.D. Fla. 2001) (noting the strong federal policy to liberally apply arbitration provisions).  Indeed, Section 3 of the FAA provides that when a plaintiff brings a lawsuit "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court "*shall*" stay the action until arbitration is completed in accordance with the terms of the parties' agreement.  9 U.S.C. § 3.[6]  Section 4 of the FAA, in turn, empowers the Court to compel arbitration if a dispute

---

[6]     The FAA provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

is subject to arbitration. In interpreting the FAA, the Supreme Court has repeatedly held that arbitration clauses should be enforced liberally. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

Consistent with congressional intent and public policy favoring arbitration, the FAA limits the role of courts in the arbitration process. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. When the parties' contract contains an arbitration clause and the dispute presented in litigation is within the scope of the arbitration clause, the court *must* stay the action and compel arbitration. *See* 9 U.S.C. §§ 3-4; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). Accordingly, this Court need only find that: (1) the parties' contracts contain an arbitration clause; and (2) the parties' claims fall within its scope.

Here, Totalmar cannot and does not dispute that the charter parties contain valid and binding arbitration clauses that unambiguously require the disputes arising from the contracts to be submitted to arbitration. *See* MV Skala, MV Atlantica, MV Rainbow, MV Go Star, MV Majarrta Charter Party Contract, Clause 30 (providing "ANY DISPUTE ARISING UNDER THIS CHARTER PARTY TO BE REFERRED TO ARBITRATION IN . . . .").

In its complaint, Totalmar alleged that its claims arising from the charter parties for MV Skala, MV Atlantica, MV Rainbow, and MV Go Star were subject to arbitration. *See generally* Complaint. In addition, both Totalmar and ATN demanded arbitration in writing. Totalmar did not object to ATN's notice of arbitration with the exception of not agreeing that disputes

pertaining to each of the charter party contracts should be submitted to separate arbitrations. *See* O'Sullivan Decl., Exs. D, E, F.

Lastly, both Totalmar's complaint and ATN's verified counterclaim evidence that the parties' claims arise from the charter party contracts. Totalmar seeks damages for dead freight and demurrage claims, and ATN seeks recovery for cargo damages in breach of the charter party contracts. *See generally* Complaint & Counterclaim. Specifically, the first page of the charter parties contracts and addenda to the contracts include terms pertaining to the amount of cargo that should have been loaded and the charges for dead freight. *See* Counterclaim, Exs. 1, 3, 5, 7, & 9. In addition, clause 27 of the charter parties and riders to those contracts include terms pertaining to loading days and demurrage rates. *See id.*.

ATN seeks recovery for cargo damage sustained in all five voyages of MV Skala, MV Atlantica, MV Rainbow, MV Go Star, and MV Majarrta. Clause 2 of the charter party contracts set forth the owner's responsibility for damage to cargo.[7] *See id*.

Thus, as both Totalmar and ATN claim the other breached the charter party contracts, there should be no dispute as to the arbitrability of the parties' claims. Accordingly, Totalmar respectfully requests the Court to stay this action and compel the parties to arbitrate their charter party disputes.

### III.   CONCLUSION

For the foregoing reasons, this action must be stayed in accordance with the mandates of the FAA, and Totalmar must be compelled to have the parties' disputes resolved in arbitration.

---

[7]   Specifically, the charter parties provided: "Owners are to be responsible for loss of or damage to the goods . . . caused by the improper or negligent stowage of the goods (unless stowage performed by shippers, Charterers or their stevedores or servants ) or by personal want of due diligence on the part of the Owners or their Manager to make the vessel in all respects seaworthy and to secure that she is properly manned, equipped and supplied or by the personal act or default of the Owners or their Manager." *See* Counterclaim, Exs. 1, 3, 5, 7, & 9.

Dated:  New York, New York

June 25, 2008

Respectfully submitted,


By_____/s/_____
   George F. Hritz
   Hogan & Hartson LLP
   875  Third Avenue
   New York, NY  10022
   Tel: (212) 685-8000
   Email: gfhritz@hhlaw.com


   John F. O'Sullivan
   Hogan & Hartson LLP
   Mellon Financial Center
   1111 Brickell Avenue, Suite 1900
   Miami, FL 33131
   Tel:  (212) 918-3000
   Fax: 305-459-6550
   Email: jfosullivan@hhlaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
TOTALMAR NAVIGATION CORP.,                  :
                                            :
         Plaintiff,                 :   Index No. 08-cv-1659 (HB)
                                            :   ECF Case
  -against-                                :
                                            :
ATN INDUSTRIES INC.,                        :
                                            :
         Defendant.                 :
------------------------------------------------------------ x

## AFFIRMATION OF SERVICE

    George F. Hritz affirms under penalty of perjury:

    I am an attorney admitted to practice in the State of New York and am a partner with the law firm of Hogan & Hartson LLP, attorneys for defendant in the above-captioned matter.

    I certify that on June 25, 2008, I electronically filed the Memorandum for Counter-Security with the Clerk of Court using CM/ECF, and it is being served this day on all counsel authorized to receive Notices of Electronic Filing generated by CM/ECF, including counsel below:

    Rahul Wanchoo, Esq.
    Law Offices of Rahul Wanchoo
    Empire State Building
    350 Fifth Avenue, 59th Floor
    New York, New York 10118
    *Attorneys for plaintiff Totalmar Navigation Corp.*

Dated:  June 25, 2008
         New York, New York

                                              _____/s/_____
                                              George F. Hritz