**HOGAN & HARTSON LLP**
Attorneys for Defendant
875 Third Avenue
New York, NY 10022
Phone (212) 918-3000
Facsimile (212) 918-3100

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
TOTALMAR NAVIGATION CORP.,              :
                                        :
                    Plaintiff,          :   Index No. 08-cv-1659 (HB)
        -against-                       :   ECF Case
                                        :
ATN INDUSTRIES INC.,                    :
                                        :
                    Defendant.          :
                                        :
-------------------------------------------------- x
```

## ATN INDUSTRIES INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR COUNTER-SECURITY PURSUANT TO SUPPLEMENTAL RULE E(7)

Defendant ATN Industries Inc., a Florida corporation ("ATN"), hereby submits its

Memorandum of Law in Support of Motion for Counter-Security Pursuant to Supplemental Rule

E(7), and states:[1]

### I.    INTRODUCTION

This action arises from five separate charter party contracts pursuant to which ATN

chartered five vessels from Plaintiff Totalmar Navigation Corp. ("Totalmar") to transport large,

industrial water pipes from Shanghai, China to Maracaibo, Venezuela.   The vessels were MV

---

[1]    ATN files this motion for the limited purpose of obtaining security for claims that must be litigated in arbitration pursuant to the parties' contracts.  Concurrently herewith, ATN is filing a motion to stay this action and to compel arbitration.

Skala, MV Atlantica, MV Rainbow, MV Go Star, and MV Marjatta.[2]   Totalmar filed a

complaint in pursuit of an ex parte order of attachment and alleged it was entitled to dead freight

and demurrage charges pursuant to the charter parties.[3]  *See generally* Complaint (attached to the

O'Sullivan Decl. as Ex. A).  The Court entered an  ex parte order permitting Totalmar to attach

up to $1,713,819.60 of ATN's property.  *See* O'Sullivan Decl. ¶ 3 & Ex. B.  To date, Totalmar

has attached in excess of the total amount.  *See id.* ¶  8.

     ATN is making a limited appearance in this case to protect its property and to seek an

order requiring Totalmar to post counter-security in connection with ATN's claims against

Totalmar.  Totalmar caused total damage to 92 of the ATN's water pipes being transported from

China to Venezuela.  Counterclaim ¶¶ 13, 20, 27, 34, & 41.  In connection therewith, ATN filed

a counterclaim alleging total damages in the amount of $1,719,517 million, pursuant to the five

charter party contracts.  *See generally* Counterclaim.

     ATN meets the requirements for counter-security.  ATN's meritorious claims arise out of

the same transactions and occurrences as the claims in Totalmar's complaint.  Further, the

imposition of counter-security would not bar Totalmar from bringing its claims and would place

ATN on equal footing, which is the purpose of Supplemental Rule E(7).

## II.    ARGUMENT

     Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims provides that

"[w]hen a person who has given security for damages in the original action asserts a

---

[2]    A copy of the charter party contracts for MV Skala, MV Atlantica (a substitute for MV Golden Wish), MV Rainbow, MV Go Star (a substitute for MV Mairouli), and MV Marjatta are exhibits to Totalmar's complaint and ATN's verified counterclaim.  The complaint and counterclaim are attached to the Declaration of John F. O'Sullivan ("O'Sullivan Decl."), being filed concurrently herewith, as Exhibits A and C, respectively.

[3]    After the verified complaint was filed, the parties agreed to a stay pending settlement discussions, which concluded following an unsuccessful mediation.

counterclaim that arises from the transaction or occurrence that is the subject of the original

action, a plaintiff for whose benefit the security has been given must give security for damages

demanded in the counterclaim unless the court, for cause shown, directs otherwise."

The court has broad discretion in deciding whether to order counter-security. *Result Shipping Co. Ltd. v. Ferruzzi Trading USA, Inc.*, 56 F. 3d 394, 399 (2d Cir. 1995) (citations omitted) (remanding issue of counter-security to district court because the district court arbitrability of a dispute is not a valid basis to deny counter-security). In deciding whether cause has been shown to justify a denial of counter-security, the broad purposes of the rule provide guidance. The rule is intended "to place the parties on an equality as regards security," but not "to impose burdensome costs on a plaintiff that might prevent it from bringing suit." *Id.* at 399-400. In addition, counter-security will not be awarded in connection with frivolous claims. The inquiry into the merits, however, is a very limited inquiry. *Voyager Shipholding Corp. v. Hanjin Shipping Co., Ltd.*, 539 F. Supp.2d 688, 691 (S.D.N.Y. 2008). The court need only review whether the pleadings state well-pleaded claims. *Id.* at 691-92. Further, where the merits are being litigated in another forum, it is not within the court's province to make a merits-based determination. *Rosemary v. Jaldhi. Overseas PTE Ltd.*, 531 F. Supp.2d 586, 590 (S.D.N.Y. 2008).

### The Claims and Counterclaims Arise from the Same Transactions and Occurrences

In determining whether a Rule E(7)(a) counterclaim arises from the same "transaction or occurrence" as the original claims, courts apply the test for compulsory counterclaims. *See id.* Pursuant to this test, a counterclaim arises from the same transaction or occurrence if there is a "logical relationship between the claim and the counterclaim" such that "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* The law

is well established that claims and counterclaims between vessel owners and charterers are considered arising out of the same transaction for purposes of Supplemental Rule E(7).  *See Verizon Navigation, Inc. v. Caribica Shipping Ltd.*, Case No. 90-6940, 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991).

Here, Totalmar's claims and ATN's counterclaims arise from five separate charter party agreements pursuant to which ATN chartered five separate vessels from Totalmar to transport large, industrial water pipes from Shanghai, China to Maracaibo, Venezuela.  Totalmar contends it is entitled to dead freight and demurrage charges in connection with these voyages.  *See generally* Complaint.  ATN seeks recovery for total cargo damages to a portion of ATN's cargo.  *See, e.g,.* Counterclaim ¶¶ 13, 20, 27, 34, & 41.  Both Totalmar and ATN claim the other breached the contracts and rely on the charter party contracts to supply the terms defining the duties and obligations each contend were breached by the other.  *See generally* Complaint & Counterclaim.

As regards Totalmar's claims, the first page of the charter party contracts and addenda to the contracts include terms pertaining to the amount of cargo that should have been loaded and the charges for dead freight.  Complaint, Exs.1, 4, 6 & 8.   In addition, clause 27 of the charter parties and riders to the contracts included terms pertaining to loading days and demurrage rates.  *See id.*

As concerns ATN's cargo damage claims, Clause 2 of the charter party contracts set forth the owner's responsibility for damage to cargo.[4]  Counterclaim ¶¶ 12, 19, 26, 33 & 40.  In

---

[4]    Specifically, the charter parties provided:  "Owners are to be responsible for loss of or damage to the goods . . . caused by the improper or negligent stowage of the goods (unless stowage performed by shippers, Charterers or their stevedores or servants ) or by personal want of due diligence on the part of the Owners or their Manager to make the vessel in all respects seaworthy and to secure that she is properly manned, equipped and supplied or by the personal act or default of the Owners or their Manager."  Counterclaim ¶¶ 12, 19, 26, 33 & 40.

addition, according to the charter party agreements, all liability arising out of Totalmar's lack of due diligence is the full and sole responsibility of Totalmar. *See* Charter Party Contracts, Clause 2 (attached to Counterclaim as Exs. 1, 3, 5, 7, 9). Accordingly, there can be no dispute that Totalmar's claims and ATN's counterclaims arise from the same transactions and occurrences.

### ATN's Counterclaims Are Meritorious

ATN has pleaded viable claims for cargo damages. The claims are premised on plain and unambiguous terms of the parties' valid and binding charter party contracts. ATN alleged that Totalmar breached these contracts and that ATN suffered damages as a result. ATN seeks the amount it will cost ATN to replace the 92 pipes that Totalmar damaged and which ATN cannot salvage. Counterclaim ¶¶ 13, 20, 27, 34 & 41.

### Totalmar's Ability to Prosecute Its Claims

ATN does not have any information that Totalmar will be hampered from pursuing its claims against ATN if required to post counter-security. However, requiring Totalmar to post counter-security will not impede its ability to prosecute its claims. *See Rosemary*, 531 F. Supp.2d at 590 ("But the Court is confident that requiring RM Martin to post counter-security will not impede plaintiff's capacity to "file suit" since RM Martin has already commenced litigation in the High Court of the Republic of Singapore-the forum where the merits of this contract dispute will ultimately be resolved."). Totalmar already initiated the arbitration of certain of its claims. In March 2008, Totalmar demanded arbitration and identified an arbitrator pursuant to the arbitration clause of the charter party contracts. O'Sullivan Decl. ¶ 5, Ex. D.

### Counter-Security Will Place Totalmar and ATN on Equal Footing

Moreover, Totalmar beat ATN to this Court to secure an attachment of ATN's property. Totalmar already attached funds belonging to ATN in excess of the amount the Court permitted

\\\MI - 030598/000002 - 128229 v1

Totalmar to attach, which was $1,713,819.60.   O'Sullivan Decl. ¶ 8.  Had ATN filed first, it would have been entitled to an ex parte order of maritime attachment.  Thus, requiring Totalmar to post counter-security will place ATN on equal footing.

### III.    CONCLUSION

Based on the foregoing, Totalmar seeks $1,719,517 in counter-security and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        June 25, 2008

Respectfully submitted,


By_____/s/_____
        George F. Hritz
        Hogan & Hartson LLP
        875  Third Avenue
        New York, NY  10022
        Tel: (212) 685-8000
        Email: gfhritz@hhlaw.com


        John F. O'Sullivan
        Hogan & Hartson LLP
        Mellon Financial Center
        1111 Brickell Avenue, Suite 1900
        Miami, FL 33131
        Tel:  (212) 918-3000
        Fax: 305-459-6550
        Email: jfosullivan@hhlaw.com

\\\MI - 030598/000002 - 128229 v1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
TOTALMAR NAVIGATION CORP.,                     :
                                               :
                    Plaintiff,                 :    Index No. 08-cv-1659 (HB)
        -against-                              :    ECF Case
                                               :
ATN INDUSTRIES INC.,                           :
                                               :
                    Defendant.                 :
                                               :
-------------------------------------------------------- x
```

## AFFIRMATION OF SERVICE

George F. Hritz affirms under penalty of perjury:

I am an attorney admitted to practice in the State of New York and am a partner with the law firm of Hogan & Hartson LLP, attorneys for defendant in the above-captioned matter.

I certify that on June 26, 2008, I electronically filed the Memorandum for Counter-Security with the Clerk of Court using CM/ECF, and it is being served this day on all counsel authorized to receive Notices of Electronic Filing generated by CM/ECF, including counsel below:

> Rahul Wanchoo, Esq.
> Law Offices of Rahul Wanchoo
> Empire State Building
> 350 Fifth Avenue, 59th Floor
> New York, New York 10118
> *Attorneys for plaintiff Totalmar Navigation Corp.*

Dated:  June 26, 2008
        New York, New York

_____/s/_____

George F. Hritz

\\\MI - 030598/000002 - 128229 v1