**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building,
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOTALMAR NAVIGATION CORP.<br><br>Plaintiff,<br><br>-against-<br><br>ATN INDUSTRIES INC.<br><br>Defendant | **ECF CASE**<br>**08 CIV 1659 (HB)**<br><br>**DECLARATION OF RAHUL WANCHOO IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE MARITIME ATTACHMENT** |

RAHUL WANCHOO hereby declares the following pursuant to 28 U.S.C. § 1746:

1.     I am a member admitted to the Bar of this Honorable Court and I am a principal in the firm of Law offices of Rahul Wanchoo, attorneys for Plaintiff TOTALMAR NAVIGATION CORP. (hereinafter "Totalmar" or "Plaintiff").

2.     I am fully familiar with the facts of this matter and submit this Declaration in opposition of the motion to vacate maritime attachment filed by ATN INDUSTRIES INC. (hereinafter "ATN" or "Defendant").

3.     This action was brought by Totalmar in connection with a claim against ATN for breach of four separate charter party agreements dated on or about November-December 2007, as the

disponent owners of the M.V. SKALA, ATLANTICA, RAINBOW and GO STAR ("Vessels"), and Totalmar, as charterer, in the amount of $1,713,819.60 inclusive of interests, costs and reasonable attorneys' fees. A copy of Totalmar's Verified Complaint without the exhibits[1] is attached hereto as **Exhibit 1**.

4.      Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims, Totalmar obtained an Ex parte Order of Maritime Attachment and Garnishment from this Court on February 19, 2008 directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment ("PMAG") against any funds or other assets of ATN found within this Judicial District. In support of Totalmar's application for the Rule B attachment, undersigned counsel for Totalmar submitted an Affidavit which affirmed, inter-alia that an online search of the New York Department of State did not find any listings for ATN and that Defendant cannot be found within the District. True and correct copies of counsel's Affidavit[2] and the Ex Parte Order of Maritime Attachment both dated February 19, 2008 are attached hereto as **Exhibits 2 and 3**, respectively.

5.      Annexed hereto as **Exhibit 4** is a true and correct copy of the notice of appearance filed by Carl E. Person, as counsel for ATN, dated March 5, 2008.

6.      Annexed hereto as **Exhibit 5** is a true and correct copy of an email from Mr. Mark A. Kornfeld of Hogan & Hartson's New York office to the undersigned dated March 20, 2008.

7.      Annexed hereto as **Exhibit 6** is a true and correct copy of three notices sent by the undersigned to ATN dated March 10, June 11 and June 23, 2008 notifying the Defendant about attachment of its property pursuant to Local Admiralty Rule B.2.

---

[1] The exhibits to Totalmar's complaint are annexed as Exhibit A to the declaration of John F. O'Sullivan, ATN's Counsel.
[2] Due to an oversight by our office, the affidavit along with the memorandum of law was not uploaded on the Court's ECF until June 26, 2008.

8.      Annexed hereto as **Exhibit 7** is a true and correct copy of the Cease and Desist Notice dated June 24, 2008 sent to all the banks that had been served with the PMAG instructing the banks to cease and desist taking any action against the Defendant as Plaintiff is fully secured in this matter.

9.      Annexed hereto as **Exhibit 8** is a true and correct copy of a series of emails exchanged on June 23 and June 27, 2008, between the undersigned and Ms. Kristina Forte, Operations Manager of ATN.

10.      Annexed hereto as **Exhibit 9** is a true and correct copy of a series of letters and emails exchanged between the undersigned and counsel for ATN regarding Totalmar's arbitration demand with ATN.

11.      Annexed hereto as **Exhibit 10** is a true and correct copy of the Court's docket sheet for case 1:08-CV-01659-HB.

12.      I declare under the penalty of perjury that the foregoing is true and correct.

_Rahul Wanchoo_

Rahul Wanchoo

New York, New York
Dated: July 10, 2008

3

# EXHIBIT 1

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (201) 882-0303
Fax:      (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com



**08 CV 1659**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

TOTALMAR NAVIGATION CORP.

                                    Plaintiff,

                    - against -

                                                                    **VERIFIED COMPLAINT**

ATN INDUSTRIES INC.

                                    Defendant.

--------------------------------------------------------------X

        Plaintiff, TOTALMAR NAVIGATION CORP. ("Plaintiff"), by its attorneys, LAW

OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

## JURISDICTION AND VENUE

        1.        This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of

the United States and of this Honorable Court. This case also falls under the Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over

this matter because the action also arises under the convention on the Recognition and

1

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.　　At all material times, Plaintiff was and now is a foreign corporation organized

under and existing by virtue of the laws of the Republic of Panama, was the disponent Owner of

the M.V. SKALA, M.V. ATLANTICA, M.V. RAINBOW and M.V. GO STAR (the "Vessels"),

bulk carriers ranging from about 39,000 to 53,000 deadweight tons capacity engaged in the

carriage of bulk cargo by water.

3.　　Upon information and belief, at all material times, Defendant, ATN INDUSTRIES

INC. ("Defendant") was and now is a foreign corporation organized under and existing by virtue

of the laws of the State of Florida, and was the Charterer of the Vessels.

4.　　Plaintiff's claims arise out of and in connection with a contract of affreightment

involving four separate voyages performed for Defendant by the Vessels under four separate

maritime charter party contracts all involving the transportation of large dimensional

polycarbonate steel water pipes from Shanghai, China to Maracaibo, Venezuela.

## M.V. SKALA – Charter Party Dated November 23, 2007

5.　　Pursuant to a charter party contract on the GENCON form dated November 23,

2007, Plaintiff, as disponent Owner, voyage chartered the M.V. SKALA to Defendant, as

Charterer, to carry a cargo of steel pipes from one safe berth Shanghai for discharge at one safe

berth Maracaibo. A copy of the charter party contract dated November 23, 2007 is annexed as

Exhibit 1 to the Verified Complaint.

6.    The charter party provided that the vessel was to load minimum 480 to 500 pieces of pipes up to vessel's maximum capacity at Owner's option, pipes' dimensions guaranteed by Charterer. The charter also provided that freight was payable at $118.00 per cubic meter, "free in stowed, trimmed, lashed/secured/dunnaged, liner out end of hook," and that Charterer to guarantee that cubic capacity per piece of pipe is 82.4179 and that total cubic capacity for the minimum 480 pipes equals 39,560.592 cubic meters "on which freight to be paid for minimum quantity."

7.    Prior to the vessel's arrival at Shanghai the master notified the shippers/Charterer that the vessel would load 490 pipes. However, the Charterer only delivered 430 pipes, and hence the vessel loaded 60 pipes less than the quantity which had been requested by the master. The master issued a letter of protest to the shippers regarding the short shipment of the pipes and put the Charterer on notice regarding a claim for dead freight for the 60 pieces of steel pipes. A copy of the master's Letter of Protest dated December 8, 2007 is annexed as Exhibit 2 to the Verified Complaint.

8.    Pursuant to the terms of the charter 60 pieces of pipes occupies a volume of 4,945.074 cubic meters ($60 \times 82.4179 \text{ m}^3$), which equates to a dead freight claim of $583,518.73 ($4,945.074 \text{ m}^3 \times \$118 \text{ per m}^3$). A copy of Owner's freight and dead freight invoice dated December 10, 2007 is annexed as Exhibit 3 to the Verified Complaint.

9.    Pursuant to the terms of the charter party, Defendant should have paid the dead freight when it received the Owner's freight invoice dated December 10, 2007.  However, despite various reminders from Plaintiff to Defendant no dead freight has been received to date.

10.    By reasons of the premises, Plaintiff has sustained damages on the M.V. SKALA voyage in the amount of $583,518.73 as best as can presently be calculated.

3

## M.V. ATLANTICA – Charter Party Dated November 29, 2007

11.    Pursuant to a charter party contract on the GENCON form dated November 29, 2007, Plaintiff, as disponent Owner, voyage chartered the M.V. ATLANTICA to Defendant, as Charterer, to carry a cargo of steel pipes from one safe berth Shanghai for discharge at one safe berth Maracaibo. A copy of the charter party contract for M.V. GOLDEN WISH, which was later substituted by M.V. ATLANTICA, dated November 29, 2007 is annexed as Exhibit 4 to the Verified Complaint.

12.    The charter party provided that the vessel was to load minimum 435 pieces of pipes up to vessel's maximum capacity at Owner's option. The charter party also provided a total laytime of 4 weather working days for loading, and 4 weather working days for discharging, Sundays and holidays included.  Demurrage was payable by Defendant to Plaintiff at the rate of $70,000 per day or pro rata for all time that loading and discharging exceeded the allowed laytime. Any demurrage incurred at the loading port was to be paid by Defendant to Plaintiff along with the freight payment.

13.    Pursuant to the charter, the ATLANTICA proceeded to and arrived at Shanghai at 0700 hours on December 10, 2007 and tendered her Notice of Readiness. The vessel completed loading at 1230 hours on December 15, 2007, and sailed for Maracaibo at 1610 hours on the same day.

14.    The vessel was delayed at her load port of Shanghai.  According to Plaintiff's laytime calculations, the vessel was on demurrage at Shanghai for 1.229 days which amounts to $86,030.00 (1.229 days x $70,000 per day).

15.    Plaintiff submitted its demurrage invoice together with all supporting documents to Defendant on or about January 29, 2008 for demurrage in the amount of $86,030.00.  Pursuant to

the terms of the charter, Defendant should have paid the demurrage along with the freight payment or latest when it received the demurrage invoice. However, despite various reminders from Plaintiff to Defendant, no demurrage has been received to date. A copy of Plaintiff's demurrage invoice and laytime calculations dated January 29, 2008 are annexed as Exhibit 5 to the Verified Complaint.

16.    By reasons of the premises, Plaintiff has sustained damages on the M.V. ATLANTICA voyage in the amount of $86,030.00 as best as can presently be calculated.

### M.V. RAINBOW – Charter Party Dated December 6, 2007

17.    Pursuant to a charter party contract on the GENCON form dated December 6, 2007, Plaintiff, as disponent Owner, voyage chartered the M.V. RAINBOW to Defendant, as Charterer, to carry a cargo of steel pipes from one safe berth Shanghai for discharge at one safe berth Maracaibo. A copy of the charter party contract dated December 6, 2007 is annexed as Exhibit 6 to the Verified Complaint.

18.    The charter party provided that the vessel was to load about 350 pieces of steel water pipes dimensions guaranteed by Charterer. The charter party also provided a total laytime of 4 weather working days for loading, and 4 weather working days for discharging, Sundays and holidays included. Demurrage was payable by Defendant to Plaintiff at the rate of $70,000 per day or pro rata for all time that loading and discharging exceeded the allowed laytime. Any demurrage incurred at the loading port was to be paid by Defendant to Plaintiff along with the freight payment.

19.    Pursuant to the charter, the RAINBOW proceeded to and arrived at Shanghai at 0812 hours on December 16, 2007 and tendered her Notice of Readiness. The vessel completed

5

loading at 1100 hours on December 22, 2007, and sailed for Maracaibo at 2224 hours on the same day.

20.     The vessel was delayed at her load port of Shanghai. According to Plaintiff's laytime calculations, the vessel was on demurrage at Shanghai for 2.113 days which amounts to $147,910.00 (2.113 days x $70,000 per day).

21.     Plaintiff submitted its demurrage invoice together with all supporting documents to Defendant on or about January 29, 2008 for demurrage in the amount of $147,910.00. Pursuant to the terms of the charter, Defendant should have paid the demurrage along with the freight payment or latest when it received the demurrage invoice. However, despite various reminders from Plaintiff to Defendant, no demurrage has been received to date. A copy of Plaintiff's demurrage invoice and laytime calculations dated January 29, 2008 are annexed as Exhibit 7 to the Verified Complaint.

22.     By reasons of the premises, Plaintiff has sustained damages on the M.V. RAINBOW voyage in the amount of $147,910.00 as best as can presently be calculated.


### M.V. GO STAR – Charter Party Dated December 7, 2007

23.     Pursuant to a charter party contract on the GENCON form dated December 7, 2007, Plaintiff, as disponent Owner, voyage chartered the M.V. GO STAR to Defendant, as Charterer, to carry a cargo of steel pipes from one safe berth Shanghai for discharge at one safe berth Maracaibo. A copy of the charter party contract for M.V. MAIROULI, which was later substituted by M.V. GO STAR, dated December 7, 2007 along with the addendum to the charter party dated December 28, 2007 are annexed as Exhibit 8 to the Verified Complaint.

24.    The charter party provided that the vessel was to load minimum 435 pieces of pipes up to vessel's "full" capacity at Owner's option, "pipes' dimensions guaranteed by Charterer." (emphasis added). The charter also provided that freight was payable at $120.50 per cubic meter, "free in stowed, trimmed, lashed/secured/dunnaged, liner out end of hook," and that Charterer to guarantee that cubic capacity per piece of pipe is 82.4179 and that total cubic capacity for the minimum 435 pieces equals 35,851.7865 cubic meters "on which freight to be paid for minimum quantity." The steel pipes dimensions guaranteed by Charterer were 12.192 meters length and 2.60 meters outside diameter. Pursuant to an addendum to the charter party dated December 28, 2007 it was agreed between the parties that "vessel will only load min 410 pieces of pipes upto vessel's full capacity in Charterer option."

25.    Pursuant to the charter, the GO STAR proceeded to and arrived at Shanghai at 1000 hours on January 20, 2008 and tendered her Notice of Readiness. The vessel completed loading at 1200 hours on January 26, 2008. The Charterer loaded 31 pieces of pipes of outside diameter 2.60 meters; however, it loaded 400 pieces of pipes of outside diameter 2.40 meters or 0.2 meters less than that guaranteed under the charter. The total volume of the 431 pieces of pipes loaded on the vessel was 30,645.324 $m^3$ versus 33,791.35 $m^3$ (410 pieces x 82.4179 $m^3$), which had been guaranteed by the Charterer, or a short shipment of 3,146.0232 $m^3$ (33,791.35 $m^3$ – 30,645.324 $m^3$). Thus, as per the terms of the charter party Charterer is liable for dead freight of $379,095.80 (3,146.0232 $m^3$ x $120.50 per $m^3$). A copy of Owner's dead freight invoice dated February 8, 2008 is annexed as Exhibit 9 to the Verified Complaint. Pursuant to the terms of the charter party, Defendant should have paid the dead freight when it received the Owner's dead freight invoice dated February 8, 2008. However, despite various reminders from Plaintiff to Defendant no dead freight has been received to date.

26.    The vessel was also delayed at her load port of Shanghai. According to Plaintiff's laytime calculations, the vessel was on demurrage at Shanghai for 2.104 days which amounts to $147,280.00 (2.104 days x $70,000 per day).

27.    Plaintiff submitted its demurrage invoice together with all supporting documents to Defendant on or about January 29, 2008 for demurrage in the amount of $147,280.00. Pursuant to the terms of the charter, Defendant should have paid the demurrage along with the freight payment or latest when it received the demurrage invoice. However, despite various reminders from Plaintiff to Defendant, no demurrage has been received to date. A copy of Plaintiff's demurrage invoice and laytime calculations dated January 29, 2008 are annexed as Exhibit 10 to the Verified Complaint.

28.    By reasons of the premises, Plaintiff has sustained damages on the M.V. GO STAR voyage in the amount of $526,375.80 as best as can presently be calculated.

## TOTAL PRINCIPAL AMOUNT DUE

29.    The total dead freight due and owing by Defendant under the SKALA and GO STAR charter parties is and continues to be $962,614.53 (paragraphs 10 and 23 of Verified Complaint). The total demurrage due and owing by Defendant under the ATLANTICA, RAINBOW and GO STAR charter parties is and continues to be $381,220.00 (paragraphs 15, 20 and 25 of Verified Complaint). Thus, the total amount due and owing by Defendant under the four charter party contracts is $1,343,834.50.

## TOTAL AMOUNT SOUGHT TO BE ATTACHED

30.    The SKALA and RAINBOW charter party contracts provide that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in New York while

the ATLANTICA and GO STAR charter party contracts provide that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London and English law to apply. In addition to the full principal amount of Plaintiff's claim outlined above, Plaintiff also seeks an attachment over an additional sum to cover interest as well as its anticipated attorneys' fees and costs which is recoverable in London arbitration. *(See Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

31.     Plaintiff estimates, as best as can be presently calculated, these additional damages and costs to be $369,985.10, comprised of interest in the sum of $169,985.10 (computed on the principal amount of the dead freight and demurrage owed of $1,343,834.50 at a rate of 6% compounded quarterly for a period of 2 years – the estimated time frame within which the arbitration will be completed), and $200,000 estimated English counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

32.     Plaintiff's total claim against Defendant for which it seeks security herein is $1,713,819.60 ($1,343,834.50 + $369,985.10).

33.     All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

34.     Plaintiff bring this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the New York and London arbitrations.

**WHEREFORE,** the Plaintiff prays the following:

1.      That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, ATN Industries Inc., that it be personally cited to appear and answer the matters set forth above;

2.      That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,713,819.60, the sum sued for in this Complaint;

3.      That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.      That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
      February 19, 2008

                        **LAW OFFICES OF RAHUL WANCHOO**
                        Attorneys for Plaintiff
                        Totalmar Navigation Corp.

                        By:   _Rahul Wanchoo_____
                              Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)

                                    ss.

COUNTY OF BERGEN    )

I,  Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul

Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and

the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff

is a foreign corporation and is not within this District.


_Rahul Wanchoo_


Sworn to and subscribed to
before me this 19th day of
February, 2008

_Lila Chin_
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012

# EXHIBIT 2

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (201) 882-0303
Fax:     (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

**08 CV 1659**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TOTALMAR NAVIGATION CORP.

                              Plaintiff,

                 - against -

ATN INDUSTRIES INC.
                              Defendant.
-----------------------------------------------------------X

ECF CASE

08 CV _____ ( ___ )

**AFFIDAVIT IN SUPPORT OF
APPLICATION FOR
MARITIME ATTACHMENT**

STATE OF NEW JERSEY   )
                                        )    ss:
COUNTY OF BERGEN      )

        RAHUL WANCHOO, being duly sworn, deposes and says:

        1.        I am a member of the firm of Law Offices of Rahul Wanchoo attorneys for

Plaintiff, TOTALMAR NAVIGATION CORP., and make this affidavit in support of Plaintiff's

application for the issuance of Process of Maritime Attachment and Garnishment pursuant to

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure.

        2.        Based upon my inquires and to the best of my information and belief, Defendant,

ATN INDUSTRIES INC. is a foreign corporation and cannot be found within this District.

3.    I have not found Defendant listed in the New York telephone directory.  I have also called the telephone directory assistance bureaus for this District (Area Codes 212, 718, 914), and have been informed by the operators that there are no listings for Defendant in any of these areas.

4.    I have caused an online search to be made of the files containing corporate records for the New York Department of State, which includes businesses registered to do business in New York, and have found no listings for Defendant.

5.    I have caused a search to be made through the Lexis/Nexis computer database of the files containing judgments for the State of New York and have found no listings for Defendant.

6.    I have caused a search to be made of the worldwide web using the Google search engine and have not located Defendant's site.  However, I have found that Defendant is a Florida Corporation and has no corporate presence within the State of New York.

7.    Accordingly I respectfully submit Defendant cannot be found within the district and that process of maritime attachment and garnishment should be issued.

8.    No previous application for an Order of Attachment or similar relief has been sought in this matter.

_____
RAHUL WANCHOO

Sworn to before me this
19th day of February, 2008

_____
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012

2

# EXHIBIT 3

JUDGE BAER

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59ᵗʰ Floor
New York, New York 10118
Phone:   (201) 882-0303
Fax:       (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02-19-08

08 CV 1659

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TOTALMAR NAVIGATION CORP.

                                Plaintiff,

                - against -

ATN INDUSTRIES INC.
                                Defendant.

-----------------------------------------------------------------X

ECF CASE

08 CV _____ (_____)

**EX PARTE ORDER OF
MARITIME ATTACHMENT**

MICROFILMED   FEB 2 0 2008 →9 ≡ AM

      **WHEREAS**, on February 19, 2008, Plaintiff, TOTALMAR NAVIGATION CORP. filed

a Verified Complaint herein for damages amounting to $1,713,819.60 inclusive of interest, cost

and reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment

and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure; and

      **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendant's property within the District of this Court up to the amount of $1,713,819.60; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the supporting affidavit, and the conditions of the Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to, JPMORGAN CHASE BANK, UBS AG, CITIBANK N.A., BANK OF NEW YORK, BANK OF AMERICA, HSBC BANK, DEUTSCHE BANK, WACHOVIA BANK, BARCLAYS, BNP PARIBAS, AMERICAN EXPRESS BANK and STANDARD CHARTERED BANK in an amount up to and including $1,713,819.60, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or by electronic mail to any garnishee; and it is further

**ORDERED** that service on any garnishee described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

2

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated:  New York, New York
       February 19, 2008

                                  U.S.D.J.     Part I

CERTIFIED AS A TRUE COPY ON
THIS DATE  02-19-08
BY
( ) Clerk
( ) Deputy

3

# EXHIBIT 4

AT_Notice_of_Appear_for_Deft.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|   |   |
|---|---|
|   | : |
| **TOTALMAR NAVIGATION CORP.,** | : |
|   | : |
|   | : |
| Plaintiff, | : |
|   | : |
| v. | : |
|   | : |
| **ATN INDUSTRIES, INC.,** | : |
|   | : |
|   | : |
| Defendant. | : |
|   | : |
-------------------------------------------------------------------x

**ECF CASE**

**08 CV 1659 (HB)**

**NOTICE OF APPEARANCE**
**FOR DEFENDANT**

     **Please take notice** that the undersigned counsel, Carl E. Person, is appearing as counsel on

behalf of the Defendant, **ATN Industries, Inc.**, a corporation.


**Dated:**   **New York, New York**
        **March 5, 2008**

                             *Carl E. Person*

                         _____
                         **Carl E. Person   (CP 7637)**
                         **Attorney for the Defendant, ATN Industries, Inc.**
                         **325 W. 45th Street - Suite 201**
                         **New York, New York 10036-3803**
                         **(212) 307-4444**
                         **Email:  carlpers@ix.netcom.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

TOTALMAR NAVIGATION CORP.,       :      **ECF CASE**

                             :      **08 CV 1659 (HB)**

              Plaintiff,    :

                             :      <u>**PROOF OF SERVICE**</u>

      v.                   :

ATN INDUSTRIES, INC.,        :

             Defendant.   :

-------------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on March 6, 2008, I served a true copy of the foregoing

### NOTICE OF APPEARANCE FOR DEFENDANT

dated March 5, 2008, on the attorney for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

        **Rahul Wanchoo, Esq.**
        **Law Offices of Rahul Wanchoo**
        **350 Fifth Avenue - 59th Floor**
        **New York NY  10118**

Dated:  March 6, 2008

                               _____
                             **Carl E. Person (CP 7637)**

# EXHIBIT 5

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Kornfeld, Mark A. [MAKornfeld@HHLAW.com] |
| **Sent:** | Thursday, March 20, 2008 2:06 PM |
| **To:** | Rahul Wanchoo |
| **Cc:** | Lorenzo, Richard |
| **Subject:** | RE: Totamar Navigation v ATN Industries Inc. |

Mr. Wanchoo

Good afternoon.  It was a pleasure speaking with you this morning.

Confirming the items we discussed:

1.    The parties agreed in principle to try and consolidate all 4 COAs into a single, New York-based arbitration, subject to mutual agreement on procedures.

2.    ATN's time to select an arbitrator is extended until the parties agree on arbitration method/procedures, at which point ATN will select its arbitrator within one week of such agreement.

3.    You will speak with your client and consider ATN''s suggestion that the parties go forward with a 3-person tribunal (each side picks one arbitrator, the two party selects then mutually agree within a proscribed period of time as to a chairperson), which would proceed in accordance ICC arbitration rules, for the reasons expressed (fixed costs, incentive to resolve sooner rather than later, etc.).  ATN has no issue whatsoever with Totalmar's chosen arbitrator for an ICC arbitration, and also, would have no objection, should Totalmar wish to substitute arbitrators.

4.    ATN will get back to you in short order on whether it prefers to post a bond or enter into an escrow agreement with regards to the security issue.  You confirmed Totalmar's willingness to vacate the attachment and dismiss the Complaint upon such security being confirmed and completed.

5.    The parties agreed to stay ATN's time to "answer" the Complaint while this is all being finalized, and in any event, the parties agreed that if needed they would advise the Court, via stipulation or otherwise, that the parties shall be going into contractually-required arbitration.  For now, we agreed there is no reason for us to substitute as counsel, or otherwise appear.  That can and will be done when the security and process issues are finalized in the coming days/week etc.

6.    The total amount to be secured, assuming the arbitration shall be solely in New York will be re-calculated to reflect a slight reduction (associated with the estimates in the current attachment for compound interest, costs and fees associated with what have been London arbitrations, as well as the 2-year estimate of time to complete).  ATN agrees to secure the principal amount in controversy plus interest on a per annum basis for one year.  The parties shall, in advance, agree to the total amount to be secured.  In the event, the arbitration process takes longer than one year ATN agrees to work with Totalmar, as needed, should additional security issues occur.

I believe these are the materials items discussed.  If there is anything else that I may have missed, or you wish to further discuss/add, please do not hesitate.  Thank you for your continued attention to these matters.

Respectfully,

Mark A. Kornfeld
MARK A. KORNFELD, PARTNER
HOGAN & HARTSON LLP
875 Third Avenue, New York, NY 10022
direct +1.212.918.3604 | tel +1.212.918.3000 | fax +1.212.918.3100
makornfeld@hhlaw.com | http://www.hhlaw.com

# EXHIBIT 6

Ex. 6-1

# LAW OFFICES OF RAHUL WANCHOO

<u>Law Offices of Rahul Wanchoo</u>
357 Westfield Avenue, Suite 10
Ridgewood, New Jersey 07450
Telephone: (201) 882-0303
Facsimile: (201) 301-3576

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (646) 593-8866
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

March 10, 2008

<u>Via Facsimile – 212-307-0247</u>
ATN Industries, Inc.
C/o Carl E. Person, Esq.
325 W. 45th Street – Suite 201
New York, NY 10036-3803

Re:    **Totalmar Navigation Corp. v. ATN Industries, Inc.**
       **Docket No. 08 Civ. 1659 (HB)**
       <u>**United States District Court, Southern District of New York**</u>

Dear Sirs,

We represent the Plaintiff, Totalmar Navigation Corp, in the above referenced lawsuit. Please be advised that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit Defendant, ATN Industries, Inc.'s property was attached at Citibank New York on or about March 7, 2008 in the amount of $119,940.00. This notice is sent pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York.

Please let us know if you have any questions in this matter.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By:    *Rahul Wanchoo*
       Rahul Wanchoo

Ex. 6-2

## LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (646) 593-8866

Law Offices of Rahul Wanchoo
357 Westfield Avenue
Ridgewood, New Jersey 07450

Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

June 11, 2008

**Via Facsimile – (305) 459-6550**
ATN Industries, Inc.
C/o Hogan & Hartson
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131

Attn.: Richard Lorenzo, Esq.

Re:    **Totalmar Navigation Corp. v. ATN Industries, Inc.**
       **Docket No. 08 Civ. 1659 (HB)**
       **United States District Court, Southern District of New York**

Dear Sirs,

We are attorneys for Totalmar Navigation Corp. Please be advised that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit your property was attached on or about June 10, 2008 at (1) JPMorgan Chase in the amount of $153,457.50, (2) Citibank in the amount of $25,480.56 and (3) Bank of America in the amount of $15,535.48. This notice is sent pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By:    _Rahul Wanchoo_
       Rahul Wanchoo

Ex. 6-3

# LAW OFFICES OF RAHUL WANCHOO

<table>
<tr>
<td>Law Offices of Rahul Wanchoo<br>357 Westfield Avenue<br>Ridgewood, New Jersey 07450</td>
<td>Empire State Building<br>350 Fifth Avenue, 59th Floor<br>New York, New York 10118<br>Telephone: (646) 593-8866<br>Facsimile:  (212) 618-0213<br>E-Mail: rwanchoo@wanchoolaw.com<br>Web site: www.wanchoolaw.com</td>
</tr>
</table>

June 23, 2008

**Via Facsimile – (305) 459-6550**
ATN Industries, Inc.
C/o Hogan & Hartson
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131

Attn.: Richard Lorenzo, Esq.

     Re:    **Totalmar Navigation Corp. v. ATN Industries, Inc.**
                **Docket No. 08 Civ. 1659 (HB)**
                **United States District Court, Southern District of New York**

Dear Sirs,

       We are attorneys for Totalmar Navigation Corp. Please be advised that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit your property was attached on or about June 20, 2008 at (1) Standard Chartered Bank in the amount of $63,916.00 and (2) Bank of America in the amount of $1,300,000.00. This notice is sent pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York.

                     Very truly yours,

                     LAW OFFICES OF RAHUL WANCHOO

By: _Rahul Wanchoo_
                     Rahul Wanchoo

# EXHIBIT 7

## LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (646) 593-8866
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

<u>Law Offices of Rahul Wanchoo</u>
357 Westfield Avenue, Suite 10
Ridgewood, New Jersey 07450
Telephone: (646) 593-8866
Facsimile: (201) 301-3576

June 24, 2008

### CEASE AND DESIST NOTICE

To:

| | |
|---|---|
| JPMORGAN CHASE BANK | WACHOVIA BANK |
| UBS AG | BARCLAYS BANK |
| CITIBANK, N.A. | BNP PARIBAS |
| BANK OF NEW YORK | AMERICAN EXPRESS BANK |
| BANK OF AMERICA | STANDARD CHARTERED BANK |
| HSBC BANK | DEUTSCHE BANK |

**Re:**   **Totalmar Navigation Corp. v. ATN Industries Inc. 08 CV 1659**

Dear Sirs:

We represent the Plaintiff in the above-referenced action. Please note that we are fully secured in this matter and will no longer be serving the PMAG.  Therefore, please **cease and desist** taking any action against the Defendant at this time. If you are holding funds in this action, please continue to restrain them.

Thank you for your attention to the foregoing.

Very truly yours,
LAW OFFICES OF RAHUL WANCHOO

By:    /S/ Rahul Wanchoo
Rahul Wanchoo

# EXHIBIT 8

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
| **Sent:** | Monday, June 23, 2008 2:23 PM |
| **To:** | 'kforte@atnindustries.com' |
| **Subject:** | Totalmar v. ATN Industries |
| **Attachments:** | Summary.txt |

Dear Ms. Forte,

Further to our telephone conversation just now, please find attached our summary of ATN Industries' funds restrained by the various banks to date. Please let me know if there are any funds attached by the banks which we are not aware and which do not appear on the attached summary. I look forward to hearing from you.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**

350 Fifth Avenue | 59th Floor | New York, NY 10118

(646) 593-8866 T | (212) 618-0213 F

357 Westfield Avenue | Ridgewood, NJ 07450

(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***

This message is being sent by a lawyer.  It may contain attorney-client or attorney work-product information subject to legal privilege.  If you receive this email in error, please notify the sender.  Thank you.

## Summary

| Bank | Date | Amount |
|------|------|--------|
| Citibank | 3/07/08 | $119,940.00 |
| HSBC | 3/27/08 | $1,300.00 |
| Citibank | 5/28/08 | $25,000.00 |
| JPMorgan Chase | 6/10/08 | $153,457.50 |
| Citibank | 6/10/08 | $24,150.00 |
| Citibank | 6/10/08 | $1,330.56 |
| Bank of America | 6/10/08 | $5,770.12 |
| Bank of America | 6/10/08 | $9,765.13 |
| Standard Chartered | 6/20/08 | $63,916.00 |
| Bank of America | 6/20/08 | $1,200,000.00 |
| Bank of America | 6/20/08 | $100,000.00 |
| Sub-total | | $1,704,629.30 |
| Balance | | $9,190.30 |

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Kristina Forte [Kforte@atnindustries.com] |
| **Sent:** | Monday, June 23, 2008 2:29 PM |
| **To:** | Rahul Wanchoo |
| **Cc:** | sarah.l.swanson@bankofamerica.com |
| **Subject:** | RE: Totalmar v. ATN Industries |

Thank you Mr. Wanchoo. All looks correct except for one amount that was removed directly from our Wachovia Checking account in the amount of 182,764.38 on 6/19/08. Can you please confirm this and provide Sarah Swanson with a release for the remainder of the funds. We are in dire need of having our operational accounts operational again.

Thank you.

Kristina Forte
Operations Manager
ATN Industries, Inc.
8401 NW 53 Terrace
Suite 209
Miami, FL 33166
Tel 305-468-8600
Direct 305-468-8443
Fax 305-468-9080

---

**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
**Sent:** Monday, June 23, 2008 2:23 PM
**To:** Kristina Forte
**Subject:** Totalmar v. ATN Industries

Dear Ms. Forte,

Further to our telephone conversation just now, please find attached our summary of ATN Industries' funds restrained by the various banks to date. Please let me know if there are any funds attached by the banks which we are not aware and which do not appear on the attached summary. I look forward to hearing from you.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
| **Sent:** | Monday, June 23, 2008 2:56 PM |
| **To:** | 'Kristina Forte' |
| **Cc:** | 'sarah.l.swanson@bankofamerica.com' |
| **Subject:** | RE: Totalmar v. ATN Industries |
| **Attachments:** | Summary.txt |

Dear Ms. Forte,

Thank you for your confirmation. I have not received any notification from Wachovia Bank that the bank has restrained $182,764.38 pursuant to the writ of maritime attachment served by us on the bank. I am not sure what you mean when you say that the funds were "removed directly from our Wachovia Checking account" on June 19, 2008. I suggest that you contact Wachovia and find out if they are holding any funds of ATN Industries pursuant to the writ of maritime attachment.

Please let me know if you have any questions.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer.  It may contain attorney-client or attorney work-product information subject to legal privilege.  If you receive this email in error, please notify the sender.  Thank you.

---

**From:** Kristina Forte [mailto:Kforte@atnindustries.com]
**Sent:** Monday, June 23, 2008 2:29 PM
**To:** Rahul Wanchoo
**Cc:** sarah.l.swanson@bankofamerica.com
**Subject:** RE: Totalmar v. ATN Industries

Thank you Mr. Wanchoo. All looks correct except for one amount that was removed directly from our Wachovia Checking account in the amount of 182,764.38 on 6/19/08. Can you please confirm this and provide Sarah Swanson with a release for the remainder of the funds. We are in dire need of having our operational accounts operational again.

Thank you.

Kristina Forte
Operations Manager

1

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
| **Sent:** | Monday, June 23, 2008 3:27 PM |
| **To:** | 'Kristina Forte' |
| **Cc:** | 'rlorenzo@hhlaw.com' |
| **Subject:** | RE: Totalmar v. ATN Industries |
| **Attachments:** | RE: SUPPLEMENTAL PROCESS: Totalmar Navigation Corp. v. ATN Industries Inc. 08 CV 1659 |

Dear Ms. Forte,

Please find attached the notification from Standard Chartered Bank received on 6/20/08 regarding the restraint of the $63,916.00. Please contact Wachovia Bank and ask them to confirm to us that they have restrained the $182,764.38 pursuant to the writ of maritime attachment served by us on the bank. If the bank can confirm to us that they have in fact restrained this amount, we shall instruct Wachovia to release $173,574.08 ($182,764.38 less $9,190.30), as Plaintiff would then be fully secured in this matter.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

\*\*\*NOTICE\*\*\*
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

---

**From:** Kristina Forte [mailto:Kforte@atnindustries.com]
**Sent:** Monday, June 23, 2008 2:55 PM
**To:** Rahul Wanchoo
**Cc:** rlorenzo@hhlaw.com
**Subject:** RE: Totalmar v. ATN Industries

Hello Again Mr. Wanchoo,

This is a copy / paste from our online bank statement.

| 06/19/2008 | Other | NOTICE OF LIEN | $182,764.38 |
|---|---|---|---|

1

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Kristina Forte [Kforte@atnindustries.com] |
| **Sent:** | Monday, June 23, 2008 4:15 PM |
| **To:** | Rahul Wanchoo |
| **Cc:** | rlorenzo@hhlaw.com; vgonzalezd@cantv.net |
| **Subject:** | Wachovia Confirmation. |
| **Attachments:** | img-0623201728-0001.pdf |

Dear Mr. Wanchoo,

Attached you will find the confirmation received from Wachovia Bank.
When I called for more information, they advised that the funds are still in an escrow account awaiting an order to pay out.

We would greatly appreciate if you could please collect the missing funds from Wachovia and issue an order to release the remainder at your very earliest convenience.

Very best regards,

Kristina Forte
Operations Manager
ATN Industries, Inc.
8401 NW 53 Terrace
Suite 209
Miami, FL 33166
Tel 305-468-8600
Direct 305-468-8443
Fax 305-468-9080

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
| **Sent:** | Monday, June 23, 2008 5:45 PM |
| **To:** | 'Kristina Forte' |
| **Cc:** | 'rlorenzo@hhlaw.com'; 'vgonzalezd@cantv.net' |
| **Subject:** | RE: Wachovia Confirmation. |

Dear Ms. Forte,

Further to my earlier e-mail, I have just been advised by Wachovia's lawyer that the $182,764.38 was a "domestic" transfer by ATN from its account in Florida to Alabama which never passed through New York, and hence was never attached by the bank pursuant to our writ of attachment. However, as the bank's computers are all linked the transfer was flagged. In any event, I am told that ATN should be able to use those funds very shortly. Please let me know if you have any further questions in this matter.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

-----Original Message-----
From: Kristina Forte [mailto:Kforte@atnindustries.com]
Sent: Monday, June 23, 2008 4:15 PM
To: Rahul Wanchoo
Cc: rlorenzo@hhlaw.com; vgonzalezd@cantv.net
Subject: Wachovia Confirmation.

Dear Mr. Wanchoo,

Attached you will find the confirmation received from Wachovia Bank.
When I called for more information, they advised that the funds are still in an escrow account awaiting an order to pay out.

We would greatly appreciate if you could please collect the missing funds from Wachovia and issue an order to release the remainder at your very earliest convenience.

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Kristina Forte [Kforte@atnindustries.com] |
| **Sent:** | Friday, June 27, 2008 1:18 PM |
| **To:** | Rahul Wanchoo |
| **Cc:** | Lorenzo, Richard; vgonzalezd@cantv.net |
| **Subject:** | HSBC |

Hello Mr. Wanchoo,

Thank you for your help thus far. I hope this email finds you well. I wish we did not have to bother you once again, but it seems that we do. Apparently HSBC is holding funds that pertain to this case v TotalMar. Transaction Reference Number - USP080623-000197. Would you please be as kind as to advise them once again that they should cease and desist?

Very best regards,

Kristina Forte
Operations Manager
ATN Industries, Inc.
8401 NW 53 Terrace
Suite 209
Miami, FL 33166
Tel 305-468-8600
Direct 305-468-8443
Fax 305-468-9080

---

**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
**Sent:** Thursday, June 26, 2008 11:43 AM
**To:** Kristina Forte
**Subject:** RE: Wachovia.

Dear Ms. Forte,

Further to our telephone conversation yesterday, please find attached our cease and desist notice sent to all the banks.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**

350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

1

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Rahul Wanchoo [rwanchoo@wanchoolaw.com] |
| **Sent:** | Friday, June 27, 2008 2:39 PM |
| **To:** | 'lakisha.k.jackson@us.hsbc.com' |
| **Cc:** | 'Kristina Forte'; 'rlorenzo@hhlaw.com'; 'vgonzalezd@cantv.net'; 'O'Sullivan, John F.' |
| **Subject:** | FW: Totalmar Navigation V. ATN Industries 08 Civ. 1659 (HB) |
| **Attachments:** | Cease and Desist Notice.doc |

Dear Lakisha,

We represent the Plaintiff in the captioned matter. We had recently served HSBC bank with a "cease and desist" notice (copy attached) as Plaintiff is now fully secured in this matter. We just received the below e-mail from the Defendant that HSBC has apparently restrained funds in this matter. Our records show that the only funds which HSBC has restrained is in the amount of $1,300 on March 27, 2008. If HSBC has restrained any of Defendant's funds in addition to the $1,300.00 which it should continue to hold, please release the funds forthwith and send a confirmation notice to Ms. Forte of ATN Industries, whose contact details are shown below. Thank you for your co-operation in this matter.

Best regards,

Rahul Wanchoo

**Law Offices of Rahul Wanchoo**

350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com

***NOTICE***
This message is being sent by a lawyer. It may contain attorney-client or attorney work-product information subject to legal privilege. If you receive this email in error, please notify the sender. Thank you.

**From:** Kristina Forte [mailto:Kforte@atnindustries.com]
**Sent:** Friday, June 27, 2008 1:18 PM
**To:** Rahul Wanchoo
**Cc:** Lorenzo, Richard; vgonzalezd@cantv.net
**Subject:** HSBC

Hello Mr. Wanchoo,

Thank you for your help thus far. I hope this email finds you well. I wish we did not have to bother you once again, but it seems that we do. Apparently HSBC is holding funds that pertain to this case v TotalMar. Transaction Reference Number - USP080623-000197. Would you please be as kind as to advise them once again that they should cease and desist?

Very best regards,

## Rahul Wanchoo

| | |
|---|---|
| **From:** | Kristina Forte [Kforte@atnindustries.com] |
| **Sent:** | Tuesday, July 01, 2008 10:01 AM |
| **To:** | Rahul Wanchoo |
| **Subject:** | RE: Totalmar Navigation V. ATN Industries 08 Civ. 1659 (HB) |

Thank you.

---

**From:** Rahul Wanchoo [mailto:rwanchoo@wanchoolaw.com]
**Sent:** Fri 6/27/2008 2:39 PM
**To:** lakisha.k.jackson@us.hsbc.com
**Cc:** Kristina Forte; rlorenzo@hhlaw.com; vgonzalezd@cantv.net; 'O'Sullivan, John F.'
**Subject:** FW: Totalmar Navigation V. ATN Industries 08 Civ. 1659 (HB)

Dear Lakisha,

We represent the Plaintiff in the captioned matter. We had recently served HSBC bank with a "cease and desist" notice (copy attached) as Plaintiff is now fully secured in this matter. We just received the below e-mail from the Defendant that HSBC has apparently restrained funds in this matter. Our records show that the only funds which HSBC has restrained is in the amount of $1,300 on March 27, 2008. If HSBC has restrained any of Defendant's funds in addition to the $1,300.00 which it should continue to hold, please release the funds forthwith and send a confirmation notice to Ms. Forte of ATN Industries, whose contact details are shown below. Thank you for your co-operation in this matter.

Best regards,

Rahul Wanchoo
**Law Offices of Rahul Wanchoo**
350 Fifth Avenue | 59th Floor | New York, NY 10118
(646) 593-8866 T | (212) 618-0213 F
357 Westfield Avenue | Ridgewood, NJ 07450
(201) 882-0303 T | (212) 618-0213 F

www.wanchoolaw.com
***NOTICE***
This message is being sent by a lawyer.  It may contain attorney-client or attorney work-product information subject to legal privilege.  If you receive this email in error, please notify the sender.  Thank you.

---

**From:** Kristina Forte [mailto:Kforte@atnindustries.com]
**Sent:** Friday, June 27, 2008 1:18 PM
**To:** Rahul Wanchoo
**Cc:** Lorenzo, Richard; vgonzalezd@cantv.net
**Subject:** HSBC

Hello Mr. Wanchoo,

# EXHIBIT 9

# LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (646) 593-8866
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

Law Offices of Rahul Wanchoo
357 Westfield Avenue, Suite 10
Ridgewood, New Jersey 07450
Telephone: (201) 882-0303
Facsimile: (201) 301-3576

March 11, 2008

**Via Facsimile – 212-307-0247**
ATN Industries, Inc.
C/o Carl E. Person, Esq.
325 W. 45th Street – Suite 201
New York, NY 10036-3803

**Re: M.V. SKALA – C/P dated November 23, 2007 – Deadfreight Claim of $583,518.73**
**M.V. RAINBOW – C/P dated December 6, 2007 – Demurrage Claim of $147,910.00**

Dear Sirs,

We are attorneys for Totalmar Navigation Corp. under the above captioned charter parties.

This is to advise you that Messrs Totalmar Navigation Corp. hereby demand arbitration with Messrs ATN Industries, Inc. in connection with its failure to pay (1) deadfreight in the amount of $583,518.73 under the M.V. SKALA charter party dated November 23, 2007, and (2) demurrage in the amount of $147,910.00 under the M.V. RAINBOW charter party dated December 6, 2007. Totalmar Navigation Corp. hereby appoints Mr. A.J. Siciliano, Sentry Marine Services, Inc., P.O. Box 674, Smithtown, NY 11787, fax no. 631-360-3560, e-mail ajsmarine@aol.com, as its arbitrator.

Please take notice that under clause 30 of the captioned charter parties Messrs ATN has **seven (7)** days to appoint its arbitrator, failing which "the party which has appointed an arbitrator may appoint that arbitrator to act as sole arbitrator in the reference and his award shall be binding on both parties as if he had been appointed by consent." In this connection, we invite you to agree that the arbitration clause under the captioned charter parties be amended to incorporate the Maritime Arbitration Rules of the Society of Maritime Arbitrators, Inc. ("SMA"), which may be found at www.smany.org. You will note that The SMA Arbitration Rules provide a clear framework for an efficient, fair and cost effective resolution of maritime disputes. The SMA also maintains a roster of maritime arbitrators which can be found on their web site.

Please let me know if Messrs ATN will agree that the present arbitration be governed by the SMA Arbitration Rules. I look forward to hearing from you in this matter.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By: _Rahul Wanchoo_
Rahul Wanchoo

Cc: Mr. A.J. Siciliano - 631-360-3560

**Rahul Wanchoo**

| | |
|---|---|
| **From:** | Lorenzo, Richard [RLorenzo@HHLAW.com] |
| **Sent:** | Friday, April 18, 2008 4:07 PM |
| **To:** | Rahul Wanchoo |
| **Subject:** | ATN_Arbitration Clause.DOC |
| **Attachments:** | ATN_Arbitration Clause.DOC |

Rahul:  Following up on our telephone conference of yesterday afternoon, attached please find the proposed draft Arbitration Agreement, for your review and comments.

Regards,

Richard C. Lorenzo
Hogan & Hartson LLP
1111 Brickell Avenue
Suite 1900
Miami, Florida  33131
305.459.6652
305.459.6550 (Facsimile)

```
"EMF <HHLAW.COM>" made the following annotations.
-----------------------------------------------------------------------------
This electronic message transmission contains information from this law firm which may be
confidential or privileged. The information is intended to be for the use of the
individual or entity named above. If you are not the intended recipient, be aware that
any disclosure,
copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone
(+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

=============================================================================
```

# **Arbitration Agreement**

(a)     The undersigned Parties agree to submit to binding arbitration any dispute, controversy or claim arising from, connected to or related in any manner with the following agreements: (i) Charter Party Contract concerning M.V. Skala, dated November 23, 2007, between Totalmar Navigation Corp. ("Totalmar") and ATN Industries, Inc. ("ATN") (Totalmar and ATN collectively referred to herein as the "Parties"); (ii) Charter Party Contract concerning the M.V. Golden Wish, dated November 29, 2007, between Totalmar and ATN; (iii) Charter Party Contract concerning M.V. Rainbow, dated December 6, 2007, between Totalmar and ATN; and (iv) Charter Party Contract concerning M.V. Go Star, dated December 7, 2007, between Totalmar and ATN (all four charter party contracts collectively referred to herein as the "Agreements"), including, but not limited to, the Agreements' breach, termination, expiration, or invalidation. [THIS WILL INCLUDE ALL CLAIMS ASSERTED BY TOTALMAR AND ALL OF ATN'S COUNTERCLAIMS, WHICH WILL INCLUDE, AMONG OTHER THINGS, CLAIMS FOR DAMAGE TO SHIPPED MATERIALS.]

(b)     The Parties agree that this Dispute Resolution Clause shall cause a stay of the action currently pending before the United States District Court for the Southern District of New York styled *Totalmar Navigation Corp. v. ATN Industries Inc.*, Case No. 08-CV-1659.

(c)     The Agreements and arbitration proceeding shall be governed by and construed in accordance with the substantive laws of [INSERT NAME OF COUNTRY] without regard to its conflict of law rules.

(d)     The arbitration proceeding shall be conducted in the City of [INSERT NAME OF CITY/STATE], in the English language, provided however, that any party may submit testimony or documentary evidence in a language other than English, but shall, upon the request of any other party to the arbitration proceeding, furnish a translation or interpretation into English of any such testimony or documentary evidence.

(e)     There shall be a panel of three arbitrators during the arbitration proceeding. The Claimant Party shall appoint an arbitrator in the arbitration petition and the Respondent Party shall appoint an arbitrator in its response. Within thirty (30) days of their appointment, the two arbitrators so appointed shall appoint a third arbitrator who shall preside over the arbitration panel. If the two arbitrators cannot agree on a third arbitrator within such thirty (30) day period, the third arbitrator shall be appointed by the American Arbitration Association ("AAA") in accordance to its International Arbitration Rules.

(f)     At the sole discretion of the arbitration panel, discovery between the Parties may be allowed.

(g)     The Parties agree that there shall be a hearing of oral evidence and each Party to the arbitration proceeding or its legal counsel shall have the right to present and examine its witnesses and to cross-examine the witnesses of the other Party.

(h)     The Parties agree that the costs of the arbitration proceedings shall be borne equally by the Parties.

(i)     The arbitration panel may only award damages as provided for under the terms of the Agreements and in no event may punitive, consequential and special damages be awarded.

(j)     The Parties hereby agree that the dispute resolution procedures specified herein shall be the sole, exclusive procedures for the resolution of disputes between or among the Parties arising from or relating to the Agreements, including all documents made a part thereof, provided, however, that any Party may seek a preliminary injunction or other preliminary judicial relief if, in its reasonable, good-faith judgment, such action is necessary to avoid irreparable damage.  Despite such action, the Parties shall continue to participate in good faith in the arbitration proceeding.

(k)     Any decision or award of the arbitration panel shall be reasoned and in writing, and shall be final and binding upon the Parties.  The Parties hereby agree not to invoke or exercise any and all rights to appeal, review, vacate or impugn such decision or award by the arbitration panel.  The Parties also agree that the arbitral decision or award may be enforced against the Parties to the arbitration proceeding or their assets wherever they may be found, and that a judgment upon the arbitral decision or award may be entered in any court having jurisdiction thereof.

(l)     The Parties hereby agree that if any Party to the arbitration proceeding fails or refuses to voluntarily comply with any arbitral decision or award within thirty (30) days after the date on which it receives notice of the decision or award, the other Party, the arbitration panel or their attorneys-in-fact may immediately proceed to request judicial approval necessary for the execution of such decision or award, before a competent judge of the domicile of such refusing party or before any other court of competent jurisdiction.  Further, if any prevailing party is required to retain counsel to enforce the arbitral decision or award, the Party against whom the decision or award is made shall reimburse the prevailing party for all reasonable fees and expenses incurred and paid to said counsel for such service.

(m)     The Parties agree that notifications of any proceedings, reports, communications, orders, arbitral decisions, arbitral awards, arbitral award enforcement petitions, and any other document shall be sent to each Parties' legal counsel of record.

Dated: _____          Dated: _____

By:_____              By: _____
   Totalmar Navigation Corp.             ATN Industries, Inc.

MAY-29-2008 THU 10:17 AM Hogan & Hartson          FAX NO. 9                    P. 02
Case 1:08-cv-01659-HB    Document 18-10    Filed 07/10/2008    Page 7 of 10

9-6

# HOGAN & HARTSON

Hogan & Hartson LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
+1.305.459.6500 Tel
+1.305.459.6550 Fax

www.hhlaw.com

**Via Facsimile &**
**Regular U.S. Mail**

May 29, 2008

Totalmar Navigation Corp.
Attn: Rahul Wanchoo, Esquire
Law Offices of Rahul Wanchoo
Empire State Building
350 Fifth Avenue
59th Floor
New York, New York 10118

          Re:     **Notice of Arbitration**

Dear Mr. Wanchoo:

          As you are aware, Hogan & Hartson LLP represents ATN Industries, Inc. ("ATN")
with regard to certain disputes between ATN and Totalmar Navigation Corp.
("Totalmar").

          ATN acknowledges receipt of your letter of 11 March 2008, wherein Totalmar
purports to initiate the arbitration of two separate Charter Party disputes regarding the
*M/V Skala* and the *M/V Rainbow*. ATN does not agree to the consolidation of these
disputes into a single arbitration nor does ATN agree that these arbitrations be governed
by the SMA Arbitration Rules.

### *M/V Skala* **Charter Party**

          In accordance with the *M/V Skala* Charter Party, ATN demands arbitration of any
and all disputes between ATN and Totalmar regarding the *M/V Skala* Charter Party,
including ATN's claims for the recovery of any and all loss and/or damage to its cargo.
ATN designates as its party-appointed arbitrator, Edward H. Davis, Jr., Esquire, of the
law firm of Astigarraga Davis, 701 Brickell Avenue, 16th Floor, Miami, Florida 33131,
305.372.8282, 305.372.8202 (facsimile), edavis@astidavis.com.

MAY-29-2008 THU 10:17 AM Hogan & Hartson     FAX NO. 0     P. 03
Case 1:08-cv-01659-FB     Document 18-10     Filed 07/10/2008     Page 8 of 10

9-7

Totalmar Navigation Corp.
Attn: Rahul Wanchoo, Esquire
<u>Law Offices of Rahul Wanchoo</u>

### *M/V Rainbow* **Charter Party**

In accordance with the *M/V Rainbow* Charter Party, ATN demands arbitration of any and all disputes between ATN and Totalmar regarding the *M/V Rainbow* Charter Party, including ATN's claims for the recovery of any and all loss and/or damage to its cargo. ATN designates as its party-appointed arbitrator, Luis S. Konski, Esquire, of the law firm of Ruden McClosky, LLP, 701 Brickell Avenue, Suite 1900, Miami, Florida 33131, 305.789.2700, 305.789.2727 (facsimile), luis.konski@ruden.com.

### *M/V Go Star* **Charter Party**

In accordance with the *M/V Go Star* Charter Party, ATN demands arbitration of any and all disputes between ATN and Totalmar regarding the *M/V Go Star* Charter Party, including ATN's claims for the recovery of any and all loss and/or damage to its cargo. ATN designates as its party-appointed arbitrator, Jorge A. Mestre, Esquire, of the law firm of Rivero Palmer & Mestre, LLP, 2525 Ponce de Leon Boulevard, 10th Floor, Coral Gables, Florida 33134, 305.445.2500, 305.445.2505 (facsimile), jmestre@rpm-law.com.

Please advise in which of the above arbitrations Mr. A.J. Siciliano will be designated as Totalmar's party-appointed arbitrator and with regard to the other two arbitral proceedings noted above, Totalmar has 7 days to appoint its party-appointed arbitrators.

We look forward to working with you and the parties' party-appointed arbitrators to define the procedures for each of these arbitral proceedings.

Best regards.

Sincerely,

Richard C. Lorenzo

cc:     ATN Industries, Inc.

2

# LAW OFFICES OF RAHUL WANCHOO

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Telephone: (646) 593-8866
Facsimile: (212) 618-0213
E-Mail: rwanchoo@wanchoolaw.com
Web site: www.wanchoolaw.com

Law Offices of Rahul Wanchoo
357 Westfield Avenue, Suite 10
Ridgewood, New Jersey 07450
Telephone: (201) 882-0303
Facsimile: (201) 301-3576

June 3, 2008

**Via Facsimile & E-Mail**
ATN Industries, Inc.
C/o Hogan & Hartson
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131

Attn.: Richard Lorenzo, Esq.

Re:  **M.V. SKALA – Charter Party dated November 23, 2007**
     **M.V. RAINBOW – Charter Party dated December 6, 2007**
     **M.V. GO STAR – Charter Party dated December 7, 2007**

Dear Sirs,

We are attorneys for Totalmar Navigation Corp. ("Totalmar") under the above captioned charter parties.

We refer to the Notice of Arbitration dated May 29, 2008 served on Totalmar by ATN Industries Inc. ("ATN) demanding arbitrations of its claims for alleged loss and/or damage to its cargo arising under the captioned charter parties and appointing its arbitrators. We note that ATN does not agree to the consolidation of these almost identical disputes into a single arbitration nor does it agree that these arbitrations be governed by the SMA Arbitration Rules.

As you know, pursuant to our letter of March 11, 2008, Totalmar has demanded arbitration with ATN in connection with its failure to pay deadfreight and demurrage under the above captioned SKALA and RAINBOW charter parties and has appointed Mr. A.J. Siciliano, Sentry Marine Services, Inc., P.O. Box 674, Smithtown, NY 11787, fax no. 631-360-3560, e-mail ajsmarine@aol.com, as its arbitrator. Furthermore, in response to ATN's recent demand of arbitration under the GO STAR charter party and its appointment of Jorge A. Mestre, Esq. as its arbitrator, please note that Totalmar appoints Mr. Siciliano as its arbitrator.

Please also note that Totalmar reserves it right to seek a consolidated arbitration of these closely related disputes arising from separate yet almost identical charter party agreements.

Very truly yours,

LAW OFFICES OF RAHUL WANCHOO

By: _Rahul Wanchoo_____

Rahul Wanchoo

cc:    Mr. A.J. Siciliano –      (631) 360-3560
       Edward H. Davis, Jr. – (305) 372-8202
       Luis S. Konski, Esq. – (305) 789-2727
       Jorge A. Mestre, Esq. – (305) 445-2505

# EXHIBIT 10

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-01659-HB

Totalmar Navigation Corp. v. ATN Industries Inc.        Date Filed: 02/19/2008
Assigned to: Judge Harold Baer        Jury Demand: None
Cause: 28:1331 Fed. Question: Other        Nature of Suit: 120 Contract: Marine
       Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Totalmar Navigation Corp.** | represented by | **Rahul Wanchoo**<br>Law Offices of Rahul Wanchoo<br>350 Fifth Avenue<br>59th Floor<br>New York, NY 10118<br>(201) 882-0303<br>Fax: (201) 301-3576<br>Email: rwanchoo@wanchoolaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **ATN Industries Inc.** | represented by | **Carl E. Person**<br>Carl E. Person - An Individual Practitioner<br>325 W. 45th St. - Suite 201<br>New York, NY 10036<br>(212) 307-4444<br>Fax: (212) 307-0247<br>Email: carlpers@ix.netcom.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**George F. Hritz**<br>Hogan & Hartson LLP<br>875 Third Avenue<br>New York, NY 10022<br>(212) 918-3000<br>Fax: (212) 918-3100<br>Email: gfhritz@hhlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **ATN Industries Inc.** | represented by | **Carl E. Person**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**George F. Hritz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

Totalmar Navigation Corp.                    represented by **Rahul Wanchoo**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2008 | 1 | COMPLAINT against ATN Industries Inc. (Filing Fee $ 350.00, Receipt Number 642459)Document filed by Totalmar Navigation Corp.(laq) (Additional attachment(s) added on 2/28/2008: # 2 complaint, # 3 pt 2A, # 4 pt 2B) (mbe). (Entered: 02/22/2008) |
| 02/19/2008 | | SUMMONS ISSUED as to ATN Industries Inc. (laq) (Entered: 02/22/2008) |
| 02/19/2008 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (laq) (Entered: 02/22/2008) |
| 02/19/2008 | | Case Designated ECF. (laq) (Entered: 02/22/2008) |
| 02/19/2008 | 2 | EX PARTE ORDER OF MARITIME ATTACHMENT Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to, JPMorgan Chase Bank, UBS AG, Citibank N.A., Bank of new York, Bank of America, HSBC Bank, Deutsche Bank, Wachovia Bank, Barclays BNP Paribas, American Express Bank and Standard Chartered Bank in an amount up to and including $1,713,819.60, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the F.R.C.P. Any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted. Pursuant to F.R.C.P. 5(b)(@)(D) each garnishee may consent, in writing, to accept service by any other means. A copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment. (Signed by Judge Lawrence M. McKenna, Part I on 2/19/08) (jco) (Entered: 02/25/2008) |
| 02/19/2008 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to ATN Industries Inc. on 2/19/08 in the amount of $1,713,819.60. (jco) (Entered: 02/25/2008) |
| 03/05/2008 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by ATN Industries Inc..(Person, Carl) (Entered: 03/05/2008) |
| 03/05/2008 | 4 | FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE by Carl E. Person on behalf of ATN Industries Inc. (Person, Carl) Modified on 3/6/2008 (jar). (Entered: 03/05/2008) |
| 03/06/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Carl Person to RE-FILE Document 4 Notice of Appearance. ERROR(S): Signature missing from Document. (jar) (Entered: 03/06/2008) |
| 03/06/2008 | 5 | NOTICE OF APPEARANCE by Carl E. Person on behalf of ATN Industries Inc. (Person, Carl) (Entered: 03/06/2008) |
| 06/25/2008 | 6 | ANSWER to Complaint., COUNTERCLAIM against Totalmar Navigation Corp.. Document filed by ATN Industries Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Hritz, George) (Entered: 06/25/2008) |
| 06/25/2008 | 7 | MOTION to Vacate. Document filed by ATN Industries Inc..(Hritz, George) (Entered: 06/25/2008) |
| 06/25/2008 | 8 | MOTION to Compel Arbitration. Document filed by ATN Industries Inc..(Hritz, George) (Entered: 06/25/2008) |
| 06/25/2008 | 9 | MEMORANDUM OF LAW in Support re: 8 MOTION to Compel Arbitration.. Document filed by ATN Industries Inc.. (Hritz, George) (Entered: 06/25/2008) |
| 06/25/2008 | 10 | MOTION Counter-Security Pursuant To Supplemental Rule E(7). Document filed by ATN Industries Inc..(Hritz, George) (Entered: 06/25/2008) |

| 06/25/2008 | 11 | MEMORANDUM OF LAW in Support re: 10 MOTION Counter-Security Pursuant To Supplemental Rule E(7).. Document filed by ATN Industries Inc.. (Hritz, George) (Entered: 06/25/2008) |
|---|---|---|
| 06/25/2008 | 12 | DECLARATION of John F. O'Sullivan in Support re: 8 MOTION to Compel Arbitration., 7 MOTION to Vacate., 10 MOTION Counter-Security Pursuant To Supplemental Rule E(7).. Document filed by ATN Industries Inc.. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Exhibit A part 3, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Hritz, George) (Entered: 06/25/2008) |
| 06/25/2008 | 13 | MEMORANDUM OF LAW in Support re: 7 MOTION to Vacate.. Document filed by ATN Industries Inc.. (Hritz, George) (Entered: 06/25/2008) |
| 06/26/2008 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Document filed by ATN Industries Inc..(Hritz, George) (Entered: 06/26/2008) |
| 06/27/2008 | 15 | AFFIDAVIT of Rahul Wanchoo in Support re: 2 Order Issuing Maritime Attachment and Garnishment,,,,. Document filed by Totalmar Navigation Corp.. (Wanchoo, Rahul) (Entered: 06/27/2008) |
| 06/27/2008 | 16 | MEMORANDUM OF LAW in Support re: 2 Order Issuing Maritime Attachment and Garnishment,,,,. Document filed by Totalmar Navigation Corp.. (Wanchoo, Rahul) (Entered: 06/27/2008) |
| 07/03/2008 | 17 | NOTICE of Filing Of Translation Of Exhibits 2, 4, 6, 8, 10 to Defendant's Answer, Affirmative Defenses and Verified Counterclaim. Document filed by ATN Industries Inc.. (Attachments: # 1 Exhibit 2 translated, # 2 Exhibit 4 translated, # 3 Exhibit 6 translated, # 4 Exhibit 8 translated, # 5 Exhibit 10 translated)(Hritz, George) (Entered: 07/03/2008) |

### PACER Service Center

#### Transaction Receipt

| 07/05/2008 11:18:37 | | | |
|---|---|---|---|
| **PACER Login:** | rw1820 | **Client Code:** | Optional for PACER use only |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-01659-HB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |